MICHAEL ST. DENIS PROFESSIONAL CORPORATION
Michael St. Denis (CA Bar No. 147952)
500 Silver Spur Road, Suite 204
Rancho Palos Verdes, California 90275
Telephone:  (310) 378-4700
Facsimile:  (310) 378-8722
Email:  mike@mikestdenislaw.com

THE MARBURY LAW GROUP, PLLC
Shauna M. Wertheim, *Pro Hac Vice Pending*
Timothy W. Johnson, *Pro Hac Vice Pending*
Joanna L. Cohn, *Pro Hac Vice Pending*
11800 Sunrise Valley Drive, 15th Floor
Reston, Virginia 20191
Telephone:  (571) 267-7002
Facsimile:  (703) 391-2901
Email: swertheim@marburylaw.com
        tjohnson@marburylaw.com
        jcohn@marburylaw.com

Attorneys for Plaintiff DAIMLER AG

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMLER AG, a German Corporation, | Case No.: 4:16-cv-1895 |
| Plaintiff, | |
| vs. | COMPLAINT |
| A SPEC WHEELS & TIRES LLC, D/B/A A SPEC WHEELS & TIRES, a California Limited Liability Company, JUN HUANG, an individual, and DOES 1–10 inclusive, | DEMAND FOR JURY TRIAL |
| Defendants. | |

COMES NOW, Plaintiff Daimler AG ("Daimler"), to hereby file its Complaint for Damages and Declaratory Relief ("Complaint") against Defendants A SPEC WHEELS & TIRES LLC, JUN HUANG, and DOES 1–10, inclusive (collectively, "Defendants").

**NATURE OF THE ACTION**

1.      This is a civil action for trademark infringement, design patent infringement, false advertising, false designation of origin, false representation of fact, unfair competition, passing off and related claims under federal and California State law resulting from: (i) Defendants' use of various trademarks owned by Daimler in connection with the manufacture, offer for sale, sale and distribution of wheels which are not manufactured, authorized or sold by Daimler, and (ii) Defendants' reproduction, manufacture, offer for sale, sale and distribution of wheels which blatantly copy issued design patents in various distinctive and artistic wheel designs owned by Daimler.

2.      Daimler's claims arise under the United States Trademark Act (Lanham Act of 1946), 15 U.S.C. § 1051 *et seq.*, under the United States Patent Act, 35 U.S.C. §§ 1 *et seq.*, and under California State statutory and common law.  As a result of Defendants' acts complained of herein, Daimler seeks permanent injunctive relief and the recovery of actual damages, Defendants' profits, trebled damages, statutory damages, costs, attorneys' fees, and other relief as more fully set forth herein.

**PARTIES**

3.      Plaintiff Daimler is a German corporation, having a principal place of business at Mercedesstrasse 137, 70327 Stuttgart, Germany.  Daimler is a worldwide producer of premier luxury passenger automotive vehicles and parts therefor, including wheels.  Daimler is the owner of the patents and trademarks described herein, which it administers for the benefit of Daimler's U.S. subsidiaries and non-exclusive licensees.

4.      On information and belief, Defendant A SPEC Wheels & Tires LLC ("ASPEC") is a California limited liability company with its principal place of business at 2035 American

Avenue, Hayward, CA 94545-1801.  On information and belief, ASPEC is in the business of selling aftermarket wheels and tires online and through stores located in the San Francisco Bay area.  On information and belief, ASPEC has registered to conduct business under the name "A Spec Wheels & Tires" in at least Alameda County.

5.      On information and belief, Defendant Jun Huang is an individual who resides in California, and who is a member, manager, and/or principal of ASPEC.  On information and belief, Jun Huang is a dominant and active force behind, and/or personally directed, the wrongful acts of ASPEC complained of herein.

6.      Daimler does not know the true names of the defendants DOES 1–10, and thus names said defendants fictitiously.  Defendants DOES 1–10 are entities or individuals residing and/or present in this District and therefore subject to the jurisdiction of this Court, and include, but are not limited to, principals or managing agents of ASPEC who are dominant and active forces behind the wrongful acts complained of herein, suppliers of ASPEC and/or Jun Huang, or other entities or individuals who are manufacturing, offering for sale, selling, or distributing counterfeit and other goods so as to participate in the acts of infringement alleged herein (collectively referred to herein as "DOE Defendants").  The identities of the various DOE Defendants are unknown to Daimler at this time.  Daimler will amend this Complaint to substitute the true names of the DOE Defendants as they are discovered.  ASPEC, Jun Huang, and DOE Defendants are collectively referred to herein as "Defendants."

**JURISDICTION AND VENUE**

7.      This action arises under the patent and trademark laws of the United States, 35 U.S.C. §§ 1 et seq. and 15 U.S.C. §§ 1051 et seq., respectively, and therefore this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 (federal question) and § 1338

(patent and trademark infringement).  This Court has supplemental jurisdiction over Daimler's state and common law claims pursuant to 28 U.S.C. § 1367(a).

8.      This Court has personal jurisdiction over Defendants as residents of this District, due to ASPEC's principal place of business being located in this judicial district.  In addition, Defendants market, distribute and/or sell infringing products throughout the United States, including to customers within this judicial district.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

### Daimler and its Famous Brands and Products

10.     Daimler is a world-renowned designer and manufacturer of premier luxury passenger automotive vehicles and parts therefor, including wheels.  Daimler and/or its predecessors in interest have designed and manufactured vehicles since 1886, and since 1926, have produced and sold worldwide, including in the United States through its wholly-owned U.S. subsidiaries, its vehicles and related parts under the distinctive Mercedes-Benz brand.  For almost 90 years, the Daimler Mercedes-Benz brand of vehicles has been and continues to be recognized worldwide, including in the United States.

11.     The Mercedes-Benz brand stands for supreme excellence in terms of products, technology and services.  In Fiscal Years 2013 and 2014 alone, Daimler's wholly owned subsidiaries sold 663,000 Mercedes Benz vehicles in the U.S.[1]  In 2015, Forbes ranked the Mercedes-Benz brand 24th among the world's most valuable brands.[2]

---

[1] https://www.daimler.com/company/business-units/mercedes-benz-cars/
[2] http://www.forbes.com/companies/mercedes-benz/

COMPLAINT
- 4 -

**Daimler's Trademarks**

12.     Daimler has protected its exclusive brand, innovative designs, and cutting-edge technologies through a broad range of federal and common law trademark rights.

13.     Since at least 1926, Daimler and/or its predecessors in interest have continuously and extensively employed the word mark MERCEDES-BENZ in connection with advertising and selling luxury vehicles and/or related goods or services.  Daimler and/or its predecessors in interest have also continuously and extensively employed one or more of the following marks displaying a three-point design in connection with advertising and selling Mercedes-Benz vehicles and/or related goods and services since at least 1909 (the three point star designs) and 1926 (the three point star design inside the wreath):



The foregoing marks addressed in this paragraph are collectively referred to herein as the "Mercedes-Benz Marks."

14.     For the past decade, Daimler has also owned AMG, the world-famous high performance division of Mercedes-Benz, which has sold to customers under "AMG" word and word-plus-design marks since 1967.

15.     Daimler has protected its exclusive brand, innovative designs, and cutting-edge technologies through a broad range of intellectual property rights.  In particular, Daimler owns federal trademark and service mark registrations across numerous categories of goods and services, including in Class 12.  Specifically, Daimler owns all rights, title and interest in the

below federally registered trademarks in Class 12, for which true and correct copies of the registration certificates, and any applicable renewals and/or assignments are attached hereto as sub-parts of Exhibits 1–10:

| Mark | U.S. Reg. No. | Cl. 12 Description of Goods (relevant portions) |
| --- | --- | --- |
| MERCEDES-BENZ (Ex. 1) | 657,386 | Automobiles . . . and parts thereof |
| MERCEDES-BENZ GENUINEPARTS (Ex. 2) | 3,259,691 | Wheels |
| MERCÉDÈS (Ex. 3) | 41,127 | Motor-Cars |
|  (Ex. 4) | 285,557 | Wheels |
|  (Ex. 5) | 3,614,891 | [P]arts of motor vehicles, namely, automobiles, trucks, vans, sport utility vehicles, buses, motorcycles and motor homes, and structural parts therefor; . . . automobile parts, namely, wheels . . . . |

| Mark | U.S. Reg. No. | Cl. 12 Description of Goods (relevant portions) |
|---|---|---|
|  (Ex. 6) | 4,423,458 | Land vehicles and their structural parts; apparatus for locomotion by land, namely, automobiles, trucks, vans, sport utility vehicles . . . ; parts for vehicles and engines, namely. . . .  wheels . . . |
| AMG (Ex. 7) | 1,660,727 | Automobiles and structural parts therefor |
|  (Ex. 8) | 3,305,055 | Automobiles, passenger cars, and structural parts therefor |
|  (Ex. 9) | 1,807,353 | Automobiles and structural parts therefor |
| E-CLASS (Ex. 10) | 2,599,862 | Automobiles |

16.    The above-referenced registered and common law marks are hereinafter collectively referred to as the "DAIMLER Marks."

17.    Daimler's use in commerce of the DAIMLER Marks started prior to any use thereof that may be claimed by Defendants.

18.    Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Daimler's federal registration certificates of the DAIMLER Marks are *prima facie* evidence of their validity.

19.     Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, the mark "MERCEDES-BENZ" (U.S. Reg. No. 657,386) has become incontestable.   A copy of the USPTO Trademark Status and Document Retrieval (TSDR) status page showing acknowledgment of Incontestability under Section 15 for U.S. Reg. No. 657,386 is attached hereto as Exhibit 1d

20.     Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, the AMG & Design mark (U.S. Reg. No. 1,807,353) has become incontestable.   A copy of the USPTO TSDR status page showing acknowledgment of Incontestability under Section 15 for U.S. Reg. No. 1,807,353, is attached hereto as Exhibit 9d.

21.     Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, the marks "AMG" (U.S. Reg. No. 1,660,727) and "E-CLASS" (U.S. Reg. No. 2,599,862) have become incontestable.   Copies of the notices acknowledging the incontestability of these marks are respectively attached hereto as Exhibits 7d and 10d.

22.     Based on their incontestability, the federal registrations of the AMG & Design mark and of the word marks for "MERCEDES-BENZ," "AMG," and "E-CLASS" are conclusive evidence of Daimler's exclusive rights to use them in commerce in connection with automobiles and parts thereof.

23.     Over the past many years, Daimler, Daimler's predecessors in interest, and/or their affiliates, have spent many millions of dollars establishing the DAIMLER Marks in the minds of its customers and the general public, and establishing itself as a source of high quality vehicles, parts and accessories.   Indeed, substantial amounts of time, money and effort have been expended over the years in ensuring that the public associates the DAIMLER Marks exclusively with Daimler.

24.     As a result of Daimler's continuous use, extensive sales, advertising and promotion of the DAIMLER Marks, these marks enjoy worldwide recognition and a world famous reputation, including in the United States, and are recognized by the public as emanating from Daimler.

25.     The DAIMLER Marks became famous prior to any use thereof by Defendants.

26.     The DAIMLER Marks symbolize the goodwill of Daimler, and have become assets of incalculable value to Daimler.

27.     Daimler has never authorized or consented to Defendants' use of the DAIMLER Marks, or any confusingly similar marks by Defendants.  Further, Daimler has never authorized Defendants to copy, manufacture, import, market, sell or distribute any products bearing the DAIMLER Marks.

### Daimler's Design Patents

28.     Daimler also owns all rights, title and interest in the following U.S. Design Patents:

| Example View Of The Claimed Design | Design Patent No. And Issue Date |
| --- | --- |
|  | D466,851<br>("the 'D851 Patent")<br><br>Issued<br>December 10, 2002<br><br>(Ex. 11) |

| Example View Of The Claimed Design | Design Patent No. And Issue Date |
|---|---|
|  | D522,946<br>("the 'D946 Patent")<br><br>Issued<br>June 13, 2006<br><br>(Ex. 12) |
|  | D532,733<br>("the 'D733 Patent")<br><br>Issued<br>November 28, 2006<br><br>(Ex. 13) |
|  | D542,211<br>("the 'D211 Patent")<br><br>Issued<br>May 8, 2007<br><br>(Ex. 14) |

| Example View Of The Claimed Design | Design Patent No. And Issue Date |
|---|---|
|  | D569,776 ("the 'D776 Patent") Issued May 27, 2008 (Ex. 15) |
|  | D570,760 ("the 'D760 Patent") Issued June 10, 2008 (Ex. 16) |
|  | D582,330 ("the 'D330 Patent") Issued December 9, 2008 (Ex. 17) |

| Example View Of The Claimed Design | Design Patent No. And Issue Date |
|---|---|
|  | D638,766<br>("the 'D766 Patent")<br><br>Issued<br>May 31, 2011<br><br>(Ex. 18) |
|  | D656,078<br>("the 'D078 Patent")<br><br>Issued<br>March 20, 2012<br><br>(Ex. 19) |
|  | D610,516<br>("the 'D516 Patent")<br><br>Issued<br>February 23, 2010<br><br>(Ex. 20) |

29.     True and correct copies of U.S. Patent No. D466,851 ("the 'D851 Patent"), U.S. Patent No. D522,946 ("the 'D946 Patent"), U.S. Patent No. D532,733 ("the 'D733 Patent"), U.S. Patent No. D542,211 ("the 'D211 Patent"), U.S. Patent No. D569,776 ("the 'D776 Patent"), U.S. Patent No. D570,760 ("the 'D760 Patent"), U.S. Patent No. D582,330 ("the

'D330 Patent"), U.S. Patent No. D638,766 ("the 'D766 Patent"), U.S. Patent No. D656,078 "the 'D078 Patent"), and U.S. Patent No. D610,516 ("the 'D516 Patent") (collectively, the "DAIMLER Patents") are respectively attached hereto as Exhibits 11–20.

30.     Daimler and/or its predecessors in interest have expended much effort and resources to create the original artistic and ornamental designs claimed in various the DAIMLER Patents.

31.     The 'D330 Patent, the 'D766 Patent, the 'D078 Patent, and the 'D516 Patent are assigned to Daimler, as shown on the face of the patents.

32.     An assignment to Daimler of the 'D851 Patent, the 'D946 Patent, the 'D733 Patent, and the 'D211 Patent, and the applications that issued as the 'D776 Patent and the 'D760 Patent from its predecessor company, DaimlerChrysler AG, the original assignee, is recorded at Reel/Frame No. 20986/1.  Copies of the Abstracts of Title for the 'D851 Patent, the 'D946 Patent, the 'D733 Patent, the 'D211 Patent, the 'D776 Patent, the 'D760 Patent, the 'D330 Patent, the 'D766 Patent, the 'D078 Patent, and the 'D516 Patent are respectively attached hereto as Exhibits 21–30.

**Defendants' Wrongful and Infringing Conduct**

33.     Defendants have operated and continue to operate the Internet website www.aspecwheels.net (the "ASPEC Website") through which they advertise, offer for sale and sell various automotive wheels, including those that blatantly copy the designs claimed in the Defendants manufacture, offer for sale, sell, and/or import into the U.S. products that embody the designs of the DAIMLER Patents (the "ASPEC Accused Products"), as demonstrated by the following pictures on the corresponding direct webpages of the ASPEC Website and representative views of the claimed designs:

| Direct webpage of ASPEC Website | Representative View Of The Claimed Design |
|---|---|
| <br><br>A Spec Item No. 280<br><br>(http://www.aspecwheels.net/index.php?route=product/category&path=20_453_482_483) | <br><br>U.S. Patent No. D466,851 |
| <br><br>A Spec Item No. 447<br><br>(http://www.aspecwheels.net/index.php?route=product/category&path=20_453_482_540) | <br><br>U.S. Patent No. D532,733 |

| Direct webpage of ASPEC Website | Representative View Of The Claimed Design |
|---|---|
| <br><br>A Spec Item No. 450<br><br>(http://www.aspecwheels.net/index.php?route=product/category&path=20_453_482_484) | <br><br>U.S. Patent No. D522,946 |
| <br><br>A Spec Item No. 451<br><br>(http://www.aspecwheels.net/index.php?route=product/category&path=20_453_482_541) | <br><br>U.S. Patent No. D570,760 |

| Direct webpage of ASPEC Website | Representative View Of The Claimed Design |
|---|---|
|  A Spec Item No. 452 (http://www.aspecwheels.net/index.php?route=product/category&path=20_453_482_542) |  U.S. Patent No. D542,211 |
|  A Spec Item No. 454 (http://www.aspecwheels.net/index.php?route=product/category&path=20_453_482_544) |  U.S. Patent No. D569,776 |

| Direct webpage of ASPEC Website | Representative View Of The Claimed Design |
|---|---|
|  A Spec Item No. 462 (http://www.aspecwheels.net/index.php?route=product/category&path=20_453_482_3153) |  U.S. Patent No. D656,078 |
|  A Spec Item No. 622 (http://www.aspecwheels.net/index.php?route=product/category&path=20_453_482_3156) |  U.S. Patent No. D638,766 |

| Direct webpage of ASPEC Website | Representative View Of The Claimed Design |
|---|---|
| A Spec Item No. 628<br><br>(http://www.aspecwheels.net/index.php?route=product/category&path=20_453_482_3158) | U.S. Patent No. D582,330 |
| A Spec Item No. 629<br><br>(http://www.aspecwheels.net/index.php?route=product/category&path=20_453_482_549) | U.S. Patent No. D610,516 |

34.    Defendants also offer for sale and sell products through various other channels that copy the DAIMLER Patents and/or use marks that are confusingly similar to the DAIMLER Marks.

35.    Specifically, Defendants have offered for sale and sold, and continue to offer and

sell, automotive wheels through an "A Spec Wheels" store on eBay (www.ebay.com), a printout of which is attached hereto as Exhibit 31. The "About us" page of the ASPEC Website, a printout of which is attached hereto as Exhibit 32, includes a link to product listings of the A Spec Wheels eBay store under the seller name "Aspecwheels."

36.     For example, the following products have been offered for sale and/or sold by "Aspecwheels" through the A Spec Wheels eBay store (collectively, the "eBay Accused Products"):

   a.  "19 STAGGERED WHEELS 5X112 RIM FITS MERCEDES-BENZ E350 430 500 600 1992–2006" (the "19-Staggered Wheel"), a printout of which (http://www.ebay.com/itm/19-STAGGERED-WHEELS-5X112-RIM-FITS-MERCEDES-BENZ-E350-430-500-600-1992-2006-/330735789040?vxp=mtr&hash=item4d0163a3f0) is attached hereto as Exhibit 33 (visited on Feb. 15, 2016).

   b.  "20 MRR WHEELS HR4 STAGGERED RIMS MERCEDES E320 E350 550" (the "HR4 Wheel"), a printout of which (http://www.ebay.com/itm/20-MRR-WHEELS-HR4-STAGGERED-RIMS-MERCEDES-E320-E350-550-/330807122250?hash=item4d05a4194a:m:mS07mT4WUSeCf5chElsueJA)       is attached hereto as Exhibit 34 (visited Feb. 16, 2016).

   c.  "20 MRR WHEELS HR3 RIM MERCEDES BENZ E350 E500 S430 S500" (the "HR3 Wheel"), a printout of which (http://www.ebay.com/itm/20-MRR-WHEELS-HR3-RIM-MERCEDES-BENZ-E350-E500-S430-S500-/370453070222?hash=item5640b9418e:m:mcijGXxvHZ9Y-NSZXxmaZug)       is attached hereto as Exhibit 35 (visited Feb. 16, 2016).

d.  "19" AMG STYLE STAGGERED WHEELS 5X112 RIM FITS MERCEDES-BENZ E CLASS 320 350 550" (the "19-AMG Wheel"), the sale of which ended on September 3, 2015.  A printout of the expired listing for the 19-AMG Wheel (http://www.ebay.com/itm/19AMGSTYLESTAGGEREDWHEELS5X112RIMFITSMERCEDESBENZECLASS320350550/350508360038?vxp=mtr&hash=item519bed2166) is attached hereto as <u>Exhibit 36</u> (visited Feb. 16, 2016).

37.    On January 28, 2016, Daimler's investigator  purchased a set of four 19-inch Staggered Wheels (the "Purchased 19-inch Staggered Wheels") through the corresponding eBay listing (*see* Ex. F1) for a total price of $988.90.  As shown in the documentation of this purchase and the corresponding delivery, attached hereto as <u>Exhibit 37</u>, the four purchased 19-Staggered Wheels were shipped from the Shipping Department of A Spec Wheels & Tires LLC, 2035 American Avenue, Hayward, CA 94545.

38.    The four Purchased 19-inch Staggered Wheels were all inspected and confirmed as being not manufactured or authorized by Daimler, its subsidiaries, or licensees.

39.    On December 2, 2015, Daimler's investigator attempted to purchase a set of four wheels (the "Offered Product") at 2035 American Avenue, Hayward, CA 94545.  The cost quoted for the Offered Product was $600, as shown in the documentation attached hereto as <u>Exhibit 38</u>.

40.    Each of the Purchased 19-inch Staggered Wheels embodies the design of the 'D330 Patent, as demonstrated by the photographs of a purchased 19-inch Staggered Wheel, attached hereto as <u>Exhibit 39</u>, as well as pictures on the corresponding eBay listing (See Ex. 33).

41.    The Offered Product embodies the design of the 'D733 Patent, as demonstrated

by the photograph of the Offered Product, attached hereto as <u>Exhibit 40</u>.

42.     Based on Defendants' use of DAIMLER Marks in the descriptions of the eBay Accused Products on the A Spec Wheels eBay store, Defendants are using marks in association with the eBay Accused Products that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of, the DAIMLER Marks.  Such use in commerce by Defendants serves to undermine Daimler's exclusive rights in the DAIMLER Marks and confuse the consuming public, allowing Defendants to profit at Daimler's expense.

43.     Based on the pictures of the ASPEC Accused Products on the ASPEC Website, the pictures of the eBay Accused Products on the A Spec Wheels eBay store, and wheels presented in the various ASPEC store locations, and Defendants are manufacturing, offering for sale, selling, and/or importing in the U.S., unauthorized products that bear a substantially similar design to one of the DAIMLER Patents.

44.     Defendants' conduct as alleged herein began long after Daimler's adoption and use of the DAIMLER Marks and DAIMLER Patents, after Daimler obtained the trademark and patent registrations alleged above, and after the DAIMLER Marks became famous.

45.     Pursuant to 35 U.S.C. § 287, this Complaint provides the Defendants with actual notice of the DAIMLER Patents.

46.     Defendants have actual knowledge of Daimler's use of and rights in the DAIMLER Marks and/or DAIMLER Patents.

47.     Neither Daimler nor any authorized agent of Daimler's has consented to Defendants' use of the DAIMLER Marks or DAIMLER Patents in the manner alleged herein.

48.     Defendants' conduct as alleged herein has been willful, wanton, and in bad faith, and with the intent to dilute the DAIMLER Marks, and to cause confusion and mistake, and to

deceive the consuming public and the public at large as to the course, sponsorship and/or affiliation of the ASPEC Accused Products, the eBay Accused Products, and/or Defendants' counterfeit and unauthorized goods.  By their wrongful conduct, Defendants have traded upon and diminished Daimler's goodwill.

49.    As a result of the Defendants' unlawful infringing activities, Daimler has suffered irreparable harm, and, unless Defendants are enjoined by this Court, will continue to suffer irreparable harm for which there is no adequate remedy at law.

50.    Daimler lacks any control over the wheels that are manufactured, reproduced, offered for sale, sold and distributed by or on behalf of Defendants in association with the DAIMLER Marks.  Accordingly, Daimler has no control over the quality of such wheels, and whether such wheels have the potential to cause injury to persons who drive automobiles utilizing such wheels and to other persons and property nearby.

## COUNT I
### Federal Trademark Infringement and Counterfeiting
**(Lanham Act Sections 32(1) & 35, 15 U.S.C. §§ 1114(1) & 1117)**

51.    Daimler realleges and incorporates herein by reference the allegations set forth above.

52.    Defendants' use of the registered DAIMLER Marks in connection with the advertisement, offer for sale, and/or sale of the eBay Accused Products through listings on the A Spec Wheels eBay store, is likely to cause confusion, cause mistake, or deceive customers as to the source or sponsorship of Defendants' products.

53.    Defendants' advertisements and/or offers for sale using marks and/or designations that are identical or substantially the same as the DAIMLER Marks for products that are not affiliated with, sponsored by, or authorized by Daimler, constitutes trademark

counterfeiting.

54.     Defendants' actions as alleged herein constitute use in commerce of reproductions, copies, or colorable imitations of the registered DAIMLER Marks in connection with the sale, offering for sale, distribution and advertising of goods and services in violation of 15 U.S.C. § 1114(1).

55.     Defendants' actions as alleged herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Daimler's rights in the registered DAIMLER Marks with intent to trade off Daimler's vast goodwill in its marks.

56.     As a direct and proximate result of Defendants' conduct as alleged herein, Daimler has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits, while Defendants profit at its expense.

57.     Daimler has suffered irreparable harm and has no adequate remedy at law from the harm caused by Defendants' use of counterfeit marks in the advertisement and/or offer for sale of wheels.   Unless Defendants are permanently enjoined by the Court, Daimler will continue to suffer irreparable harm.

58.     Defendants' continued and knowing use of the registered DAIMLER Marks without Daimler's consent or authorization as alleged herein constitutes intentional infringement of Daimler's federally registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.  Based on such conduct Daimler is entitled to injunctive relief as well as monetary damages, and other remedies provided by 15 U.S.C. § 1117, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

59.     Each and every separate act of federal trademark infringement and/or

counterfeiting as alleged herein constitutes a separate claim.

## COUNT II
### Federal Unfair Competition and False Designation of Origin
**(Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

60.     Daimler realleges and incorporates herein by reference the allegations set forth above.

61.     Defendants' unauthorized use of the DAIMLER Marks in connection with the advertisement, offer for sale, and/or sale of the eBay Accused Products through listings on the A Spec Wheels eBay store falsely designates, describes or represents the eBay Accused Products, and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of the eBay Accused Products with Daimler, or as to the sponsorship or approval of said products by Daimler.

62.     Defendants' actions as alleged herein have diminished the goodwill in the DAIMLER Marks which Daimler has built up at great labor and expense.

63.     Defendants' actions as alleged herein constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64.     Defendants' actions as alleged herein with respect to the DAIMLER Marks are likely to cause Daimler to suffer economic harm and/or are likely to result in unjust enrichment to Defendants.

65.     Defendants' actions as alleged herein with respect to the DAIMLER Marks have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Daimler's rights in its marks.

66.     As a result of the foregoing alleged actions of Defendants, Daimler has been injured and damaged.   Unless Defendants are enjoined from the foregoing Daimler will

continue to suffer injury and damage.

67.     Based on Defendants' wrongful conduct, Daimler is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

68.     Daimler further requests the court to issue an order to freeze any assets or impose a constructive trust over all monies and assets in Defendants' possession which rightfully belong to Daimler.

69.     Each and every act of federal unfair competition and/or false designation of origin as alleged herein constitutes a separate claim.

**COUNT III**
**Trademark Dilution**
**(Lanham Act Section 43(c), 15 U.S.C. § 1125(c))**

70.     Daimler realleges and incorporates by reference the allegations set forth above.

71.     The DAIMLER Marks are distinctive and famous, and have been since prior to Defendants' unauthorized uses thereof.

72.     The DAIMLER Marks have powerful consumer associations such that even non-competing uses can impinge on their value.

73.     Defendants' activities as alleged herein have diluted the distinctive quality of the DAIMLER Marks in violation of 15 U.S.C. § 1125(c).

74.     Defendants willfully intended to trade on Daimler's reputation and/or cause dilution of the DAIMLER Marks, entitling Daimler to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

75.     Defendants' acts have caused and will continue to cause Daimler irreparable harm.  Daimler has no adequate remedy at law to compensate it fully for the damages that have

been caused and which will continue to be caused by Defendants' unlawful acts, unless enjoined by this Court.

76.     Each and every separate act of trademark dilution by Defendants constitutes a separate claim herewith.

**COUNT IV**
**Unfair Competition**
**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

77.     Daimler realleges and incorporates by reference the allegations set forth above.

78.     Defendants' actions as alleged herein with respect to the DAIMLER Marks constitute unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq., in that Defendants have engaged in unfair or deceptive acts or practices in the conduct of trade or commerce.

79.     Defendants' actions as alleged herein are unlawful under the California Unfair Competition Law because their unauthorized use of the DAIMLER Marks in California is likely to confuse consumers as to the source, origin, or affiliation of the eBay Accused Products, to misrepresent the nature, characteristics, and qualities of the eBay Accused Products, and/or to deceive or have a tendency to deceive a substantial segment of consumers into believing that the eBay Accused Products have the same characteristics and/or quality as genuine goods affiliated with Daimler.

Defendants' acts of unfair competition in the State of California have caused and continue to cause damage to Daimler's business reputation, to the DAIMLER Marks, and other rights and properties in an amount to be determined at trial.  Daimler is entitled to injunctive relief, attorneys' fees and costs, and other equitable relief as this Court may order.

## COUNT V
## False and Misleading Advertising
### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

80.     Daimler realleges and incorporates herein by reference the allegations set forth above.

81.     Defendants' aforementioned acts constitute false and misleading advertising in violation of the California Business & Professional Code § 17500 et seq.

82.     As a direct and proximate result of Defendants' conduct, Daimler has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits, while Defendants profit at its expense.

83.     Daimler has suffered irreparable harm and has no adequate remedy at law from the harm caused by Defendants' acts as alleged herein.  Unless Defendants are preliminarily and permanently enjoined by the Court, Daimler will continue to suffer irreparable harm.

## COUNT VI
## Trademark Infringement and Unfair Competition
### (California Common Law)

84.     Daimler realleges and incorporates herein by reference the allegations set forth above.

85.     Defendants' aforementioned acts constitute trademark infringement under the common law of the State of California.

86.     As a direct and proximate result of Defendants' conduct, Daimler has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits, while Defendants profit at its expense.

87.     Daimler has suffered irreparable harm and has no adequate remedy at law from the harm caused by Defendants' acts as alleged herein.  Unless Defendants are preliminarily and

permanently enjoined by the Court, Daimler will continue to suffer irreparable harm.

## COUNT VII
### Infringement of U.S. Design Patents
(35 U.S.C. §§ 1 *et seq.*)

88.     Daimler realleges and incorporates herein by reference the allegations set forth above.

89.     The ASPEC Accused Products, the Offered Product, and at least a portion of the eBay Accused Products bear designs that are substantially the same as the ornamental designs claimed in the DAIMLER Patents.

90.     Defendants have manufactured, offered for sale, sold, and/or imported into the United States, automotive wheels, including ASPEC Accused Products, eBay Accused Products, and the Offered Product in violation of Daimler's exclusive rights to the DAIMLER Patents.

91.     By their conduct as alleged herein, Defendants have, and continue to, directly infringe the DAIMLER Patents.  As a direct and proximate result of Defendants' conduct as alleged herein, Daimler has suffered and will continue to suffer great damage to the DAIMLER Patents, business, goodwill, reputation and profits, while Defendants profit at Daimler's expense.

92.     Daimler has suffered irreparable harm and has no adequate remedy at law from the harm caused by Defendants' infringement as alleged herein.  Unless Defendants are permanently enjoined by the Court, Daimler will continue to suffer irreparable harm.

93.     Each and every separate act of patent infringement by Defendants as alleged herein constitutes a separate claim.

# **PRAYER FOR RELIEF**

WHEREFORE, Daimler prays for the following relief:

1.     Entry of a judgment that Defendants have directly infringed each of the DAIMLER Patents;

2.     Grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the DAIMLER Patents;

3.     Entry of a judgment awarding Daimler all damages adequate to compensate for Defendants' infringement of each of the DAIMLER Patents in an amount to be proven at trial, and in no event less than a reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4.     Entry of a judgment awarding Daimler all damages, including treble damages, based on any infringement of the DAIMLER Patents found to be willful pursuant to 35 U.S.C. § 284, together with prejudgment interest;

5.     Entry of a judgment that this is an exceptional case and an award to Daimler of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285;

6.     Entry of a judgment that Defendants have infringed the DAIMLER Marks and/or used counterfeits of the DAIMLER Marks in commerce in violation of Daimler's rights under 15 U.S.C. § 1114(1) and under the common law.

7.     Entry of a judgment that Defendants' activities are likely to, or have, diluted the

famous DAIMLER Marks in violation of Daimler's rights under 15 U.S.C. § 1125(c);

8.      Entry of a judgment that Defendants have competed unfairly with Daimler in violation of Daimler's rights under 15 U.S.C. § 1125(a) and the common law;

9.      Entry of a judgment that Defendants' activities have violated Sections 17200 and 17500 of the California Business and Professions Code;

10.     Entry of an order directing Defendants to provide to Daimler for destruction any and all unlawful products or materials, and to compensate Daimler for any and all advertising or other expenses necessary to dispel the public confusion caused by Defendants' unlawful acts;

11.     Entry of a judgment against Defendants for monetary damages in an amount to be proven at trial, including but not limited to, all amounts necessary to compensate Daimler for Defendants' wrongful use of the DAIMLER Marks, including reasonable attorneys' fees and costs;

12.     Alternatively, instead of actual profits and damages, entry of a judgment awarding Daimler statutory damages of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c); which, given Defendant's use of counterfeits of at least 10 distinct registered trademarks owned by Daimler, as further alleged herein, amounts to statutory damages at least as high as $20,000,000;

13.     Entry of a judgment against Defendants for legal fees upon a finding that this case is exceptional under 15 U.S.C. § 1117, and for increased damages upon a finding of willfulness in Defendants' unlawful acts alleged herein with respect to the DAIMLER Marks, said award to equal at least treble Daimler's actual damages under 15 U.S.C. § 1117.

14.     Such other relief as this Court deems just and proper.

Respectfully submitted,

Dated:  April 11, 2016             By:    /s/ Michael St. Denis, Attorney
                                          Michael St. Denis,
                                          Michael St. Denis Professional Corporation

                                          Shauna M. Wertheim, *Pro Hac Vice Pending*
                                          Timothy W. Johnson, *Pro Hac Vice Pending*
                                          Joanna L. Cohn, *Pro Hac Vice Pending*
                                          THE MARBURY LAW GROUP, PLLC

                                          *Counsel for Plaintiff Daimler AG*